# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEWIS J. GRILL and** | : | Civil No. 1:12-CV-120 |
| **CARMELA C. GRILL,** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **GREGG R. AVERSA and** | : | |
| **THE SAGE CORPORATION,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |
| v. | : | |
| | : | |
| **ATLANTIC PACIFIC** | : | |
| **RESOURCE GROUP, INC.,** | : | |
| | : | |
| **Third-Party Defendant** | : | |

## MEMORANDUM ORDER

### I.   INTRODUCTION

Now pending in this action is the defendants' motion for leave to file an amended answer with affirmative defenses and counterclaims to the plaintiffs' amended complaint. (Doc. 86) The motion seeks leave only to include the statute of limitations as an affirmative defense to the plaintiffs' claims, which generally relate to allegations of corporate mismanagement and breach of fiduciary duties, all of which stem from the alleged breakdown of familial, shareholder and employment

relationships within a closely-held Pennsylvania corporation. (Id.) Nevertheless, and notwithstanding the fact that this affirmative defense appears to have relatively limited likelihood of materially affecting the claims in this case, the plaintiffs' have vigorously contested the motion, which is now fully briefed and ripe for disposition.

Upon consideration, although we appreciate the plaintiffs' reasoned and persuasive argument that the "good cause" standard provided by Rule 16(b) of the Federal Rules of Civil Procedure should govern resolution of the motion, rather than the more permissive standards applicable to motions to amend under Rule 15(a) which focus directly on the interests of justice and whether there is discernible prejudice to the opposing party, we nonetheless find, in the exercise of our discretion, that the motion should be granted regardless of which rule technically applies.

We acknowledge the plaintiffs' skepticism that the potential application of the statute of limitations to the claims in this case was so obscure to the defendants that they only became aware of it several weeks after the deadline for amending pleadings expired. However, the defendants have offered colorable explanations for their request, which came after substantial discovery was exchanged by the parties in this case, and the defendants have pointed to facts learned only late in the discovery process that they contend show that the plaintiffs were on notice of their claims and did not bring them timely in this action.

Additionally, we note that the defendants have demonstrated diligence throughout this litigation, and have not been dilatory, and we do not agree with the plaintiffs that by bringing the motion the defendants exhibited a lack of diligent effort.[1]  Moreover, and significantly, we can perceive no real prejudice in permitting the defendants to interpose this defense, particularly where it would seem to have doubtful application to claims of shareholder oppression that are based on tortious conduct that was allegedly discovered over time, and alleged to have been regular and continuous over a long period.  Where there is no real showing of prejudice, we disagree with the defendants' tacit suggestion that we should not even consider the interests of justice, and permitting parties to assert fully their claims and potential defenses in this important litigation – particularly where it appears the defendants may have learned facts only during discovery that compelled them to assert the defense.

Lastly, we note that the defendants sought the plaintiffs' concurrence to file the amended answer approximately one month after discovery in this case closed,  and shortly after they first learned of the facts that inspired them to assert the statute of

---

[1] Indeed, notwithstanding the acrimonious nature of the underlying dispute for the parties, counsel for all parties to this litigation have exhibited diligence before the Court, and counsel for all parties have shown themselves to be zealous advocates while maintaining the highest standards of professionalism.

limitations as a defense by seeking to amend their pleading. Thus, finding both good cause and an absence of prejudice to the plaintiffs, the defendants' motion to amend their answer to include the statute of limitations as an affirmative defense will be granted.

## II. **BACKGROUND**

The plaintiffs commenced this action by filing a complaint against the defendants on January 23, 2012. In the complaint, the plaintiffs sought preliminary and permanent injunctive relief with respect to the preservation and inspection of records maintained by The Sage Corporation, a closely held company based in Camp Hill, Pennsylvania, which provides truck driving education and related educational services.

On January 24, 2012, the plaintiffs moved for a preliminary injunction and filed a brief in support of their motion. On January 17, 2012, the defendants filed an answer with affirmative defenses and counterclaims. On March 22, 2012, the plaintiffs filed an answer to the counterclaim.

On April 19, 2012, the Court entered a case management order setting forth litigation deadlines and a pretrial schedule. On September 14, 2012, the plaintiffs filed a motion for leave to file an amended complaint, which motion was granted on September 20, 2012. On that day, the plaintiffs filed their amended complaint, which

remains the operative pleading in this litigation. (Doc. 43) The amended complaint asserts causes of action against the defendants for breach of fiduciary duties, legal and equitable fraud, conversion, unjust enrichment, and wrongful termination. The defendants filed an answer to the amended complaint, with affirmative defenses and counterclaims, on October 10, 2012. (Doc. 50)

The parties have conducted extensive discovery in this action, including written interrogatories, document requests, depositions, and through service of third-party subpoenas. The parties have also engaged in injunctive practice, litigating the plaintiffs' motion for preliminary injunctive relief through two days of testimony before the Court during proceedings held in early November, 2012. Pursuant to case management order, the discovery period ended on September 28, 2013. Thereafter, the plaintiffs submitted four expert reports to the defendants on October 28, 2013.

In a letter dated October 28, 2013, and in an email dated October 30, 2013, the defendants sought the plaintiffs' concurrence to their filing an amended answer, in order to assert the statute of limitations as a defense. On November 1, 2013, the plaintiffs responded to the plaintiffs, advising that they refused to concur in the request, and thus precipitating the plaintiffs' filing on the pending motion for leave to file an amended answer.

## III. DISCUSSION

### A. Legal Standard

The plaintiffs submit that although the case management order fixed September 17, 2012, as the deadline for amending pleadings, their motion to amend filed fourteen months after this deadline should nonetheless be judged against the permissive standards embraced by Rule 15(a) of the Federal Rules of Civil Procedure. That rule provides that a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, within 21 days after service of an answer or response to the complaint filed pursuant to Rules 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1).

In all other cases, the rule provides that a party may file an amended pleading only with the opposing party's written consent, or upon leave of the court, which "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under the rule, district courts enjoy discretion in granting leave to amend, Foman v. Davis, 371 U.S. 178, 182 (1962), and the Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are resolved on their merits rather than on technicalities. Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990); see also ICU Medical, inc. v. RyMed Technologies, Inc., 674 F. Supp. 2d 574, 577

(D. Del. 2009).  Under this standard, amendment of pleadings ordinarily should be allowed absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc."  Foman, 371 U.S. at 182.

As the plaintiffs point out, however, where a party moves for leave to amend the pleadings *after* a deadline imposed by a scheduling order, then Rule 16 of the Federal Rules of Civil Procedure is also implicated.  Pursuant to Rule 16(b), "a schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Some decisions from the Third Circuit Court of Appeals indicate that a request for leave to amend after a pleading deadline has expired require a showing of good cause.  See E. Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000) (affirming district court's denial of a motion for leave to amend because the moving party did not demonstrate good cause to modify the scheduling order); see also Dimensional Commc'ns, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (relying on Eastern Chemicals in disagreeing with the assertion that the Third Circuit had not adopted the "good cause" requirement when ruling on

motions to amend pleadings after scheduling orders had passed).[2]  Under this standard, "good cause" exists when the case-management schedule cannot reasonably be met despite the diligence of the party seeking the extension.  Fed. R. Civ. P. 16(b)(4) Advisory Committee Notes (1983 amendments).  "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party."  ICU Medical, 674 F. Supp. 2d at 577 (quoting Roquette Freres v. SPI Pharma, Inc., C.A. No. 06-540-GMS, 2009 WL 1444835, at *4 (D. Del. May 21, 2009)).

**B.     Rule 16(b)**

Upon consideration of the parties' competing briefs and supporting documents, we conclude that the defendants have demonstrated good cause to amend their answer, as required by Rule 16(b).  The defendants have represented that they discovered numerous facts during the course of extensive discovery practice that

---

[2] In a more recent published decision, the Third Circuit suggested that after a scheduling order had passed, a district court was within its discretion when it found that a party had not demonstrated good cause and due diligence to justify amending a pleading *for the fourth time*, and that other parties would in fact be prejudiced if such an amendment had been permitted.  See Race Tires America, Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010).  The appeals court briefly recognized the district court's observation that the Third Circuit "ha[d] yet to address this tension between Rule 15(a)(2) and Rule 16(b)(4)," but then noted that the party seeking amendment in that case acknowledged on appeal that it had the burden to demonstrate good cause and due diligence in order to justify obtaining leave to file a fourth amended pleading.  Id.

warrant amendment in order to add affirmative defenses, and that they acted with due diligence upon discovery of such facts. (Doc. 88, at pp. 5-10) The defendants have identified a number of facts learned during discovery that they anticipate the plaintiffs may rely upon in support of their claims of tortious conduct and corporate misfeasance, including alleged misconduct that occurred outside of the statute of limitations applicable to the plaintiffs' claims. The defendants have represented that they did not know about the allegations that the plaintiffs may rely upon until during the discovery process, occurring around the end of June 2013 and continuing until the end of August, 2013, and even during the course of reviewing the plaintiffs' expert reports, which were only submitted on October 28, 2013. (Id. at 12.) Although we have considered the plaintiffs' vigorous argument that insists that the defendants were impermissibly dilatory or inattentive in seeking to amend, we disagree, and find that the defendants have in fact shown sufficiently good cause to grant the relief sought.

### C.    Rule 15(a)(2)

Considering the motion under Rule 15(a), we would further find that the plaintiffs will not be unduly prejudiced if the defendants are permitted leave to amend. In order to demonstrate undue prejudice, the non-moving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or

evidence which it would have offered . . . had the amendments been timely." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 419, 426 (3d Cir. 1981)). Against this standard, we cannot find any discernible prejudice to the plaintiffs, since the defendants' amended pleading seeks only to assert an affirmative defense based upon facts that the plaintiffs themselves provided to the defendants during discovery. The plaintiffs are fully aware of the factual bases that the defendants have identified for asserting the defense, and thus we disagree that the plaintiffs will suffer unfair prejudice by permitting the defendants to offer a defense that appears to be based on information obtained from the plaintiffs themselves late during the discovery period. Moreover, in a case where the defendants have not previously sought leave to amend their pleading, permitting a discrete amendment in order to allow the defendants to assert an affirmative defense is in furtherance of the interests of justice, and in ensuring that the claims in this case are adjudicated on their merits on not limited by procedural technicalities.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, IT IS ORDERED THAT the defendants' motion for leave to file an amended answer with affirmative defenses and counterclaims to the plaintiffs' amended complaint (Doc. 86) is GRANTED.

The Clerk of Court shall docket the defendants' amended answer with affirmative defenses and counterclaims (Doc. 86-1) as a separate entry on the docket of this action.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: January 15, 2014