**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEWIS J. GRILL and<br>CARMELA C. GRILL, | : :<br>: | |
| | : | Civil No. 1:12-CV-120 |
| Plaintiffs | : : | |
| v. | : : | (Magistrate Judge Carlson) |
| | : | |
| GREGG R. AVERSA and<br>THE SAGE CORPORATION, | : :<br>: | |
| | : | |
| Defendants | : : | |
| v. | : : | |
| ATLANTIC PACIFIC<br>RESOURCE GROUP, INC., | : :<br>: | |
| | : | |
| Third Party Defendant | : | |

**MEMORANDUM OPINION AND ORDER**

**I.  Statement of Facts and of The Case**

The plaintiffs, Lewis J. Grill and Carmela C. Grill, husband and wife, as minority shareholders of the Sage Corporation, commenced this action on January 23, 2012, seeking injunctive relief against Sage and its President and majority shareholder, Gregg R. Aversa. In the original complaint, the Grills claimed that Aversa was mismanaging Sage, engaging in corporate malfeasance, and indulging in

shareholder oppression. The Grills accordingly sought equitable relief in the form of a court order requiring defendants to produce, or permit plaintiffs, their agents, and representatives, to gain access to corporate records in accordance with Pennsylvania law. (Doc. 1.)

Following initial proceedings in this case, including a motion for preliminary injunction brought by Lewis Grill, which unsuccessfully sought reinstatement of his employment at Sage after he was discharged by Aversa, see Grill v. Aversa, 908 F. Supp. 2d 573 (M.D. Pa. 2012), the plaintiffs also moved for leave to file an amended complaint to include new claims and additional legal and equitable theories of relief. That amended complaint was filed on September 20, 2012, (Doc. 43.), and includes claims for shareholder oppression under Pennsylvania statutory law (Count I); claims for injunctive relief that would permanently prohibit defendants from terminating the Grills' employment and would require defendants to cease conducting all business without consulting with and obtaining the consent of the Grills (Count II); claims for breach of fiduciary, loyalty and good-faith duties (Count III); claims that Aversa engaged in legal and equitable fraud by deliberately and materially misleading plaintiffs as minority shareholders of Sage (Count IV); claims for conversion and unjust enrichment (Counts V and VI); a claim that the Court should impose a constructive trust over all of Sage's assets (Count VII); and a claim for wrongful and

retaliatory termination of Lew Grill (Count VIII).  In the amended complaint, the Grills seek a range of equitable and legal relief, including compensatory and punitive damages, attorneys' fees, costs and expenses, front and back pay, the reinstatement of Lewis Grill to employment with Sage, "and that he continue to receive his salary as an employee of Sage."  (Doc. 43, at 33.)

Aversa and Sage have responded to this wholesale assault upon their corporate governance and conduct by, *inter alia*, bringing a third-party complaint against Atlantic Pacific Resource Group, Inc., (APRG), a corporation owned and operated by the Grills.  (Doc. 51.)  This third-party complaint alleges that the Grills and APRG have engaged in corporate misconduct by surreptitiously diverting corporate opportunities and revenues of Sage in the consulting and expert witness fields to their own benefit.  (Id.)

Presently, this matter is scheduled for trial on September 29, 2014.  In anticipation of this trial the defendants have filed a motion *in limine*, which seeks to exclude the testimony of an expert witness, WithumSmith+Brown PC, from the trial of this case.  (Doc. 126.)  This proffered expert testimony would relate to a valuation of the Grills' minority stock holdings in Sage Corporation, a matter which may be relevant to the Court in fashioning relief in this case in the event that it finds in favor of the plaintiffs.

Because we deem this evidence to be potentially relevant to the issues in this litigation, this motion *in limine* will be denied.

## II. Discussion

Parties often invite courts to make pre-trial rulings on issues of prejudice, relevance and admissibility through motions *in limine*. The United States Court of Appeals for the Third Circuit has cautioned, however, that "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403, the rule permitting exclusion of evidence, as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859. However, "[a] trial court is afforded substantial discretion when striking a . . . balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence . . . may not be reversed unless it is arbitrary and irrational." McKenna v. City of Philadelphia, 582 F.3d 447,

461 (3d Cir. 2009).

This case aptly illustrates why caution is appropriate in this field. The parties' competing submissions in this matter, in part, cast this dispute as one which entails the balancing of questions of relevance and prejudice. Rule 401 of the Federal Rules of Evidence defines relevant evidence broadly as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402 provides, further, that all "relevant" evidence shall be admissible at trial, except as otherwise provided by other Rules of Evidence or other law. Fed. R. Evid. 402.

These broadly fashioned rules regarding relevant evidence and its presumptive admissibility are tempered by Rule 403, which provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Implicit in these evidentiary rules is a fundamental concept: Determinations of relevance, probative value, and unfair prejudice involve an informed assessment

of the impact of particular proof in the specific factual context of a specific case. For these reasons, "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990).

In this case the proffered expert testimony may assist the Court is assessing a value of the plaintiffs' stock holdings in Sage Corporation. Establishing a value for these stock holdings, in turn, could potentially be relevant to the Court at the remedial phase of this litigation, if the plaintiffs carry their burden of proof on the questions of liability, since one potential remedy in the event of a finding of minority shareholder oppression would be to direct that the minority shareholder be reimbursed for "the fair value of his interest in the corporation." Orchard v. Covelli, 590 F. Supp. 1548, 1560 (W.D. Pa. 1984) aff'd sub nom. Appeal of Orchard, 802 F.2d 448 (3d Cir. 1986) and aff'd, 802 F.2d 448 (3d Cir. 1986). The proffered evidence could aid the Court in making this assessment, and fashioning this remedy, if we ultimately reach such questions in this lawsuit. Because we view this evidence as having this type of conditional relevance, we will permit this testimony at trial, and the defendants' motion *in limine* will be denied.

## III. Order

For the foregoing reasons, the defendants' motion *in limine* relating to the testimony of WithumSmith+Brown, (Doc. 126.) is DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

September 18, 2014