**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEWIS J. GRILL and** | : | |
| **CARMELLA C. GRILL,** | : | |
| | : | **Civil No. 1:12-CV-120** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **GREGG R. AVERSA and** | : | |
| **THE SAGE CORPORATION,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ATLANTIC PACIFIC** | : | |
| **RESOURCE GROUP, INC.,** | : | |
| | : | |
| **Third Party Defendant** | : | |

**MEMORANDUM OPINION AND ORDER**

**I.      Statement of Facts and of The Case**

The plaintiffs, Lewis J. Grill and Carmella C. Grill, husband and wife, as

minority shareholders of the Sage Corporation, commenced this action on January 23,

2012, seeking injunctive relief against Sage and its President and majority shareholder,

Gregg R. Aversa.  In the original complaint, the Grills claimed that Aversa was

mismanaging Sage, engaging in corporate malfeasance, and indulging in shareholder

oppression.  The Grills accordingly sought equitable relief in the form of a court order requiring defendants to produce, or permit plaintiffs, their agents, and representatives, to gain access to corporate records in accordance with Pennsylvania law.  (Doc. 1.)

Following initial proceedings in this case, including a motion for preliminary injunction brought by Lewis Grill, which unsuccessfully sought reinstatement of his employment at Sage after he was discharged by Aversa, see Grill v. Aversa, 908 F. Supp. 2d 573 (M.D. Pa. 2012), the plaintiffs also moved for leave to file an amended complaint to include new claims and additional legal and equitable theories of relief. That amended complaint was filed on September 20, 2012 (Doc. 43.), and includes claims for shareholder oppression under Pennsylvania statutory law (Count I); claims for injunctive relief that would permanently prohibit defendants from terminating the Grills' employment and would require defendants to cease conducting all business without consulting with and obtaining the consent of the Grills (Count II); claims for breach of fiduciary, loyalty and good-faith duties (Count III); claims that Aversa engaged in legal and equitable fraud by deliberately and materially misleading plaintiffs as minority shareholders of Sage (Count IV); claims for conversion and unjust enrichment (Counts V and VI); a claim that the Court should impose a constructive trust over all of Sage's assets (Count VII); and a claim for wrongful and retaliatory termination of Lew Grill (Count VIII).  In the amended complaint, the

Grills seek a range of equitable and legal relief, including compensatory and punitive damages, attorneys' fees, costs and expenses, front and back pay, the reinstatement of Lewis Grill to employment with Sage, "and that he continue to receive his salary as an employee of Sage." (Doc. 43, at 33.)

Aversa and Sage have responded to this wholesale assault upon their corporate governance and conduct by, *inter alia*, bringing a third-party complaint against Atlantic Pacific Resource Group, Inc., (APRG), a corporation owned and operated by the Grills. (Doc. 51.) This third-party complaint alleges that the Grills and APRG have engaged in corporate misconduct by surreptitiously diverting corporate opportunities and revenues of Sage in the consulting and expert witness fields to their own benefit. (Id.)

Presently, this matter is scheduled for trial on September 29, 2014. In anticipation of this trial the defendants have filed two motions *in limine*, which seek to exclude the testimony of two attorneys who have been identified by the plaintiffs as expert witnesses, Sidney Gold, Esq., and Arthur Laby, Esq., a professor of law at Rutgers University School of Law. (Docs. 122 and 124.) The proffered expert testimony of Mr. Gold, an attorney with experience in employment discrimination matters, discusses competent practices in responding to EEOC complaints. As we read it, Mr. Gold's expert report then purports to opine that Sage Corporation's handling

of an EEO complaint relating to Carmella Grill fell below accepted industry standards.

The plaintiffs appear to offer this testimony in order to support their contention that

the defendants denigrated the Grills in their handling of this matter, and would invite

us to infer deliberate denigration of the Grills from Attorney Gold's opinion regarding

what he views as the less-then-competent handling of this particular EEO complaint.

Professor Laby, in turn, has tendered an expert report, which has two principal

components.  First, Professor Laby discusses various legal principles which govern

usurpation of corporate opportunities and the duties of minority and majority

shareholders in closely held corporations.  Professor Laby's report then goes on to

purport to apply these legal principles to what he believes to be the facts of this case,

and opines on the ultimate legal issues concerning shareholder oppression and

misappropriation of corporate opportunities which this Court must decide.

Thus, in each instance, we believe that the proffered testimony of these two

legal experts provides some useful background and information regarding accepted

practices in the field of employment discrimination litigation and corporate

governance in closely-held companies, but then couples that information which

opinions regarding the application of the law to the facts, and offers opinions

regarding matters that are plainly the Court's task, determining what the proper legal

outcome of this case should be.  Because we believe that the proffered expert

testimony of these witnesses transgress the proper bounds of expert testimony to the extent that these experts opine on the law and purport to provide ultimate legal opinions on the questions the Court must decide, for the reasons set forth below, these motions *in limine* will be granted, in part, and denied, in part.

## II.    Discussion

These two motions *in limine* present questions concerning how the Court should best exercise its broad discretion concerning the admission of evidence when presented by attorney-experts who may wish to testify regarding questions of law, legal practice and industry custom in terms of legal compliance, as well as opining upon how these legal principles may apply to the facts before the Court.  When considering this issue, several defining principles guide our judgment.

At the outset, it is clear that "[d]istrict courts have broad discretion in determining whether to permit expert testimony.  Mayhew v. Bell Steamship Co., 917 F.2d 961 (6th Cir.1990).  The Federal Rules of Evidence provide that[:] If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.  Fed.R.Evid. 702."  Haberern v. Kaupp Vascular Surgeons Ltd. Defined Ben. Plan & Trust Agreement, 812 F. Supp. 1376, 1378 (E.D. Pa. 1992).  However,

expert witness testimony is not automatically excluded simply because it addresses the

ultimate issue in a case. Rather:

> Federal Rule of Evidence 704(a) provides that, in general, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." "Rule 704 of the Federal Rules of Evidence 'provides that opinion testimony is not objectionable because it embraces an ultimate issue to be decided.' " United States v. Roman, 121 F.3d 136, 141 (3d Cir.1997) (quoting United States v. Theodoropoulos, 866 F.2d 587, 591 (3d Cir.1989)). However, such testimony can be excluded if it is not "otherwise admissible." Fed.R.Evid. 704(a). As the Rules Advisory Committee explained, "[t]he abolition of the ultimate issue rule does not lower the bars so as to admit all opinions," because the expert testimony must be helpful to the trier of fact and not waste time pursuant to Rules 701, 702, and 403. Fed.R.Evid. 704 Advisory Committee's Note. Collectively these rules of evidence "afford ample assurances against the admission of opinions which would merely tell the [the fact-finder] what result to reach," and require the court to "exclude opinions phrased in terms of inadequately explored legal criteria." Id. An expert's "opinion on a question of law" is not admissible. Haberern v. Kaupp Vascular Surgeons Ltd. Defined Ben. Plan & Trust Agreement, 812 F.Supp. 1376, 1378 (E.D.Pa.1992) (Huyett, J.) (citing 1 McCormick on Evidence, § 12, at 50 (John W. Strong ed., 4th ed. 1992)).

Quagliarello v. Dewees, 802 F. Supp. 2d 620, 623-24 (E.D. Pa. 2011)

These principles apply with particular force to expert opinions proffered by

attorneys that purport to touch upon the ultimate legal issues in a case. When

presented with a lawyer who also is tendered as an expert witness on legal questions,

and proposes to testify regarding what the ultimate legal outcome of a case should be,

we are mindful of the fact that:

While the Federal Rules of Evidence permit helpful expert opinion that embraces an ultimate factual issue to be decided, they do not permit opinion on a question of law. 1 McCormick on Evidence, § 12, at 50 (John W. Strong ed., 4th ed. 1992).  Courts have addressed the question of the admissibility of testimony given by an expert attorney.  Generally, an attorney may not instruct the trier of fact as to the law.  An attorney may testify, however, concerning the facts surrounding contract negotiations, for example, or the ordinary practices of those engaged in certain occupations or industries.  3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence ¶ 702[02], at 702–33 (1992) (collecting cases).  See also id. at 702–29 n. 24 (collecting cases concerning when expert testimony allowed and not allowed).

Haberern v. Kaupp Vascular Surgeons Ltd. Defined Ben. Plan & Trust Agreement, 812 F. Supp. 1376, 1378 (E.D. Pa. 1992).

In short, "[i]n utilizing [its] discretion, . . . , the District Court must ensure that an expert does not testify as to the governing law of the case.  Although Federal Rule of Evidence 704 permits an expert witness to give expert testimony that 'embraces an ultimate issue to be decided by the trier of fact,' an expert witness is prohibited from rendering a legal opinion.  United States v. Leo, 941 F.2d 181, 195–96 (3d Cir.1991)." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 217 (3d Cir. 2006).  Thus, where expert "opinions result from nothing more than an application of law to the facts in issue as alleged by" a party, courts have excluded such proffered expert testimony. FedEx Ground Package Sys., Inc. v. Applications Int'l Corp., 695 F. Supp. 2d 216, 223 (W.D. Pa. 2010).  Applying these benchmarks courts have typically permitted expert witnesses to testify regarding industry practices and procedures, when those practices

may shed some light on the issues presented in the litigation, but have declined to

permit experts to opine on the ultimate legal issues in a lawsuit, particularly when

those opinions constitute little more than an expert's views regarding how the law

should apply to their client's version of the facts.  See e.g., Quagliarello v. Dewees,

802 F. Supp. 2d 620, 623-24 (E.D. Pa. 2011); FedEx Ground Package Sys., Inc. v.

Applications Int'l Corp., 695 F. Supp. 2d 216, 223 (W.D. Pa. 2010); Gallatin Fuels,

Inc. v. Westchester Fire Ins. Co., 410 F. Supp. 2d 417, 423 (W.D. Pa. 2006); Haberern

v. Kaupp Vascular Surgeons Ltd. Defined Ben. Plan & Trust Agreement, 812 F. Supp.

1376, 1378 (E.D. Pa. 1992).  Haberern v. Kaupp Vascular Surgeons Ltd. Defined Ben.

Plan & Trust Agreement, 812 F. Supp. 1376, 1378 (E.D. Pa. 1992).[1]

These guiding legal principles governing expert opinions on legal questions are

familiar ones, and are particularly familiar to Professor Laby, since they have been

applied to his proffered testimony in another lawsuit within the past 18 months.  In

Goldenson v. Steffens, 2:10-CV-00440-JAW, 2013 WL 682844 (D. Me. Feb. 25,

---

[1]We recognize that many of these cases discuss the role of the court in permitting legal expert testimony in jury trials.  While we acknowledge that the risks of prejudice that motivate courts to limit this testimony are far less compelling in a non-jury trial since the judge is presumably conversant in the controlling legal principles governing the dispute, we also note for the parties that the value of such testimony is also far less in a non-jury proceeding since the judge may rely upon counsel as advocates to provide a tutorial on the law, making such tutorials from witnesses unnecessary.

2013), Professor Laby was tendered as an expert witness, and proffered testimony

which, in some instances went beyond a narrative description of how certain factual

matters tied into industry norms, but instead opined on the ultimate issues of whether

certain fiduciary duties were breached.  In terms that are equally applicable here, the

district court curtailed the scope of this proffered testimony, holding that Professor

Laby:

> may opine on how the facts of this case tie into the legal framework and
> the relevant industry.  CDX Liquidating Trust v. Venrock Assocs., 411
> B.R.  571,  588  (N.D.Ill.2009) (allowing  expert  testimony  where  his
> "report and testimony offer his analysis of the practices and standards of
> corporate governance and a description of defendants' conduct in light of
> those practices and standards"); Darling, 2007 U.S. Dist. LEXIS 88931,
> at *11, 2007 WL 4276903.  [However, consistent with prior case law the
> court held that] that the plaintiff's fiduciary duty expert [1] could not
> testify about his interpretation of . . .  fiduciary duty law . . .[2] could
> 'testify regarding defendants' conduct in the descriptive sense in terms of
> what defendants did and did not do, but [3] [could not] opine on whether
> the defendants' actions constituted a breach of their fiduciary duties."
> 411 B.R. at 588–89.

Goldenson v. Steffens, 2:10-CV-00440-JAW, 2013 WL 682844, *13 (D. Me. Feb. 25,
2013).

We believe that the lines previously drawn for Professor Laby in Goldenson v.

Steffens, 2:10-CV-00440-JAW, 2013 WL 682844 (D. Me. Feb. 25, 2013), provide an

appropriate line of demarcation for the parties in this litigation as well.  Thus we will

permit these expert witnesses to testify, in general terms, based upon their experience

regarding industry practices and customs in the field of corporate governance within

closely held corporations, and litigation of EEO claims.  The witnesses may then

provide a factual, descriptive narrative of defendants' conduct in light of these

customs and practices, but the witnesses may not tender their interpretation of the law

to the Court, opine on the ultimate legal issues in this litigation, or opine how the

Court should apply the law to the facts of this case.[2]

## III.    Order

For the foregoing reasons, the defendants' motions *in limine* relating to the

proffered testimony of both Attorney Gold and Professor Laby, (Docs. 122 and 124.),

are GRANTED, in part, and DENIED, in part, as follows:

First, to the extent that they are competent to do so, these witnesses may be

permitted to testify regarding the overall legal and regulatory framework of the

relevant industry in terms of industry practices, and customs.

Second, the witnesses may testify regarding Defendants' conduct in the

descriptive sense in terms of what defendants did and did not do in light of existing

industry customs and practices.

---

[2]These limitations, which we impose upon plaintiffs' legal experts, will also
apply to any proffered expert testimony from legal expert witnesses tendered by
the defendants at trial.

Neither witness may testify, however, regarding his interpretation of fiduciary

duty law, or employment law, or opine on whether the defendants' actions constituted

a breach of any legal duties to owed to the plaintiffs.


                                         **_S/Martin C. Carlson_**
                                         Martin C. Carlson
                                         United States Magistrate Judge


September 22, 2014