IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEWIS J. GRILL and          :
CARMELLA C. GRILL,          :
                            :    Civil No. 1:12-CV-120
    Plaintiffs              :
                            :
v.                          :    (Magistrate Judge Carlson)
                            :
GREGG R. AVERSA and         :
THE SAGE CORPORATION,       :
                            :
    Defendants              :
                            :
v.                          :
                            :
ATLANTIC PACIFIC            :
RESOURCE GROUP, INC.,       :
                            :
    Third Party Defendant   :


## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of The Case

The plaintiffs, Lewis J. Grill and Carmella C. Grill, husband and wife, as

minority shareholders of the Sage Corporation, commenced this action on January 23,

2012, seeking injunctive relief against Sage and its President and majority shareholder,

Gregg R. Aversa.   In the original complaint, the Grills claimed that Aversa was

mismanaging Sage, engaging in corporate malfeasance, and indulging in shareholder

oppression.  The Grills accordingly sought equitable relief in the form of a court order requiring defendants to produce, or permit plaintiffs, their agents, and representatives, to gain access to corporate records in accordance with Pennsylvania law.  (Doc. 1.)

Following initial proceedings in this case, including a motion for preliminary injunction brought by Lewis Grill, which unsuccessfully sought reinstatement of his employment at Sage after he was discharged by Aversa, see Grill v. Aversa, 908 F. Supp. 2d 573 (M.D. Pa. 2012), the plaintiffs also moved for leave to file an amended complaint to include new claims and additional legal and equitable theories of relief. That amended complaint was filed on September 20, 2012 (Doc. 43.), and includes claims for shareholder oppression under Pennsylvania statutory law (Count I); claims for injunctive relief that would permanently prohibit defendants from terminating the Grills' employment and would require defendants to cease conducting all business without consulting with and obtaining the consent of the Grills (Count II); claims for breach of fiduciary, loyalty and good-faith duties (Count III); claims that Aversa engaged in legal and equitable fraud by deliberately and materially misleading Plaintiffs as minority shareholders of Sage (Count IV); claims for conversion and unjust enrichment (Counts V and VI); a claim that the Court should impose a constructive trust over all of Sage's assets (Count VII); and a claim for wrongful and retaliatory termination of Lew Grill (Count VIII).  In the amended complaint, the

2

Grills seek a range of equitable and legal relief, including compensatory and punitive damages, attorneys' fees, costs and expenses, front and back pay, the reinstatement of Lewis Grill to employment with Sage, "and that he continue to receive his salary as an employee of Sage." (Doc. 43, at 33.)

Aversa and Sage have responded to this wholesale assault upon their corporate governance and conduct by, *inter alia*, bringing a third-party complaint against Atlantic Pacific Resource Group, Inc., (APRG), a corporation owned and operated by the Grills. (Doc. 51.) This third-party complaint alleges that the Grills and APRG have engaged in corporate misconduct by surreptitiously diverting corporate opportunities and revenues of Sage in the consulting and expert witness fields to their own benefit. (Id.)

Presently, this matter is scheduled for trial on September 29, 2014. In anticipation of this trial the defendants have filed a motion *in limine*, which seeks to exclude the testimony of an expert witness who previously testified at the preliminary injunction hearing in this matter, a forensic accountant Joseph Barbagallo. (Doc. 128.) For the most part, as we view it, the proffered expert testimony of Mr. Barbagallo, analyzes corporate compensation, dividends, and other corporate financial expenses and practices at Sage Corporation. This analysis is presented in support of the plaintiffs' claims that Aversa has engaged in acts of minority shareholder oppression.

Because we deem this evidence to be potentially relevant to the issues in this litigation, further recognize that many of the issues raised by the defendants in this motion as evidentiary rulings should await testimony at trial, and regard a number of the matters raised by the defendants as concerns which go to the weight that should be afforded this testimony, rather than to its admissibility, this motion *in limine* will be denied, without prejudice to the defendants lodging objections at trial to aspects of this testimony they may deem improper.

## II.   <u>Discussion</u>

Parties often invite courts to make pre-trial rulings on issues of prejudice, relevance and admissibility through motions *in limine*.  The United States Court of Appeals for the Third Circuit has cautioned us, however, that "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." <u>In re Paoli R. Yard PCB Litig.</u>, 916 F.2d 829, 859 (3d Cir. 1990); <u>see also</u> <u>Spain v. Gallegos</u>, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . .").  Moreover, the Third Circuit has characterized Rule 403, the rule permitting exclusion of evidence, as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party

4

has had an opportunity to develop the record, are . . . unfair and improper." <u>In re Paoli R. Yard PCB Litig.</u>, 916 F.2d at 859. However, "[a] trial court is afforded substantial discretion when striking a . . . balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence . . . may not be reversed unless it is arbitrary and irrational." <u>McKenna v. City of Philadelphia</u>, 582 F.3d 447, 461 (3d Cir. 2009).

This case aptly illustrates why caution is appropriate in this field. The parties' competing submissions in this matter, in part, cast this dispute as one which entails the balancing of questions of relevance and prejudice. Rule 401 of the Federal Rules of Evidence defines relevant evidence broadly as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402 provides, further, that all "relevant" evidence shall be admissible at trial, except as otherwise provided by other Rules of Evidence or other law. Fed. R. Evid. 402.

These broadly fashioned rules regarding relevant evidence and its presumptive admissibility are tempered by Rule 403, which provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of

the issues, or misleading the jury, or by considerations of undue delay,
waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Implicit in these evidentiary rules is a fundamental concept: Determinations of
relevance, probative value, and unfair prejudice involve an informed assessment of the
impact of particular proof in the specific factual context of a specific case. For these
reasons, "pretrial [rulings regarding evidentiary] exclusions should rarely be granted.
. . . Excluding evidence as being more prejudicial than probative at the pretrial stage
is an extreme measure that is rarely necessary, because no harm is done by admitting
it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990).

At the outset, in this case, the defendants have objected to Barbagallo's
testimony on grounds which mirror those raised by the defendants in a summary
judgment motion which we denied, arguing that this testimony should be barred by the
business judgment rule, and should be precluded because the plaintiffs' claims are
wholly derivative in nature and do not include direct claims of shareholder oppression.
While the defendants were justified in advancing these arguments in their motion *in
limine* in order to preserve these claims, following the filing of this motion we ruled
upon the defendants' summary judgment motion, and denied that motion. (Doc. 139.)
In this ruling, we found that the gravamen of the Grills' complaint is a direct claim of

6

corporate oppression by minority shareholders in a closely held corporation. We further concluded that disputed issues of fact precluded invocation of the business judgment rule as a matter of law in this case, and observed that issues of corporate accounting and compensation may be relevant to the resolution of these questions of shareholder oppression and the application of the business judgment rule to this case. Therefore, consistent with that summary judgment ruling, we decline the defendants' invitation to preclude Barbagallo's testimony as irrelevant to any derivative shareholder claims, or barred by the business judgment rule.

The defendants then lodge a series of more specific, and pointed, critiques of this proffered expert testimony arguing that it: (1) entails legal opinions, something expert witnesses are generally forbidden from doing; (2) impermissibly ignores evidence of work performed by members of the Aversa family, when assessing employee compensation; (3) improperly assesses the credibility of fact witnesses; (4) inappropriately opines on matters of corporate governance relating to the reimbursement of attorney's fees for Gregg Aversa; and (5) and erroneously testifies regarding matters of corporate management that lie beyond Mr. Barbagallo's technical competence.

Our own review of Barbagallo's expert reports, however, leaves us uncertain that this witness actually intends to engage in the catalogue of over-reaching expert

testimony alleged by the defendants.   However, mindful of the fact that  "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . [e]xcluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage," In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990), we believe that many of these issues can be more appropriately addressed at trial, as Barbagallo testifies, and we can judge this testimony in light of the other evidence.   Thus, to the extent that Barbagallo inappropriately forays into legal opinions or matters of witness credibility we can curtail this conduct as it occurs.   Similarly, if Barbagallo has failed to adequately account for all of the evidence, or relevant law, when rendering his opinion as to the fairness of employee compensation, or reimbursement of employee legal expenses,[1] that failure can be developed on cross-examination, and will go to both the admissibility of this testimony and the weight which we will afford to this testimony.

---

[1] In particular, we note that testimony by this witness questioning legal expenses of Gregg Aversa that were reimbursed by the Sage Corporation should be prepared to specifically address the fact that Pennsylvania law expressly permits such indemnification of corporate officers' legal expenses. 15 Pa.C.S. § 1741 (third-party actions); see also 15 Pa.C.S. § 1742 (derivative and corporate actions).

In sum, we will decline to wholly exclude the testimony of Mr. Barbagallo from the trial of this case.  Instead, consistent with case law which encourages us to refrain from such pre-trial rulings, In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990), we will defer questions regarding the admissibility and probative value of certain aspects of Barbagallo's testimony until trial, and the defendants' motion *in limine* will be denied.  In short, we believe that many of these more specific, fact-bound objections to this expert testimony should not be resolved in the abstract in a pre-trial motion *in limine*, but rather must await the crucible of cross-examination and trial.

**III.   Order**

For the foregoing reasons, the defendants' motion *in limine* relating to the testimony of Joseph Barbagallo, (Doc. 128.) is DENIED, without prejudice to the defendants lodging objections at trial to aspects of this testimony they may deem improper.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge

September 22, 2014

9